IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STANLEY LORENZO WILLIAMS,        )
                                 )
            Plaintiff,           )
                                 )
      v.                         )    1:02CV00014
                                 )
RON STARLING, RON SHARPE, and    )
FRED GREGORY,                    )
                                 )
            Defendants.          )

### RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

On January 4, 2005, defendants' motions for summary judgment were granted and this action was dismissed. Plaintiff filed a motion for a new trial which was denied on August 12, 2005. At that time, plaintiff's recourse was to file an appeal. He did not and instead, has engaged in a course of filing frivolous motions as if this case had not been closed. Thus, plaintiff filed a Rule 60 motion to vacate the judgment which was denied in November of 2005. In December 2005, plaintiff filed a motion to appoint a mediator. Defendants, at that time, filed a motion for sanctions based on plaintiff's frivolous filing. The Court denied both motions in February 2006 (docket no. 110). Plaintiff filed objections but the order was affirmed in May (docket no. 114).

The instant matter before the Court concerns a motion filed by plaintiff for an injunction and defendants filed a second motion for sanctions. With respect to the motion for sanctions, defendants want an injunction barring plaintiff from making further filings without prior authorization. Defendants point out that

plaintiff has filed frivolous motions which are in violation of Fed. R. Civ. P. 11(b).  It is not clear whether defendants want the Court to grant sanctions under Rule 11.  If so, defendants have not shown that they have complied with the safe harbor provision of Rule 11 contained in Rule 11(c) which requires service prior to the filing of the motion.  What defendants state is that they put plaintiff on notice that they intended to file a motion if he did not cease filing frivolous motions.  However, Rule 11 would require defendants to prepare and serve the motion for sanctions on plaintiff but not file it for twenty-one days.  Thereafter, if plaintiff did not withdraw the challenged paper, defendants would then file the motion after twenty-one days and the Court could, if appropriate, grant sanctions, including the assessment of attorney's fees against plaintiff.  For this reason, the Court will decline to grant the motion for sanctions.  However, it should be noted that defendants are correct in citing <u>Cromer v. Kraft Foods N. Am., Inc.</u>, 390 F.3d 812 (4th Cir. 2004), for the proposition that the Court has inherent authority to protect itself and the Court's docket by entering a pre-filing injunction should the Court find a party is misusing the Court by filing harassing or vexatious pleadings.

The Court finds that plaintiff's Rule 65 motion for an injunction (docket no. 111) is just such a frivolous pleading. This case is closed and plaintiff states no legitimate basis for having filed the pleading.  Moreover, this paper seeks an injunction against a non-party, that is the State of North

Carolina. Clearly, this pleading is frivolous and harassing for a number of the reasons just mentioned. The filing of this pleading caused defendants unnecessary legal expenses.

Because of the timing of plaintiff's motions, it is possible that the motion for an injunction was filed prior to plaintiff's receipt of the February 14, 2006 Order. Therefore, the Court will give plaintiff one further warning with respect to filing frivolous pleadings and should he file another one, the Court will consider sanctions, not only with respect to the pleading filed, but also with respect to plaintiff's request for an injunction (docket no. 111). In addition, should plaintiff file another action, defendants may again request Rule 11 sanctions by complying with the safe harbor provisions of Rule 11(c).

**IT IS THEREFORE RECOMMENDED** that plaintiff's request for an injunction (docket no. 111) be denied for being frivolous.

**IT IS FURTHER RECOMMENDED** that defendants' motion for sanctions (docket no. 112) be denied, but without prejudice to defendants requesting monetary relief with respect to plaintiff's filing the request for an injunction should plaintiff file another frivolous pleading.

/s/ Russell A. Eliason
United States Magistrate Judge

August 7, 2006